**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick L. Floury; Grand Teton Partners, LLC, an Arizona limited liability partnership; Jackson Hole Partners, LLC, an Arizona limited liability partnership; Sierra-Sonora Enterprises, Inc., an Arizona corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Karl Sauer; JNR Development, LLC, an Arizona limited liability company; Preventative Maintenance Contract Services, LLC, an Arizona limited liability company,<br><br>Defendants. | No. MC-13-0080-PHX-LOA<br><br>**ORDER** |

This action arises on Plaintiffs/Judgment-Creditors' Motion for Appearance and Examination of Judgment-Debtor Karl Sauer, filed on September 20, 2013. (Doc. 1) Pursuant to the Rules of Practice for the District Court of Arizona ("Local Rules" or "LRCiv") 3.8(a) and 72.2(a)(6), this civil matter has been randomly assigned to the undersigned United States Magistrate Judge. Plaintiffs, as judgment creditors, request an order requiring Defendant/Judgment-Debtor Karl Sauer to appear, produce documents identified in attached Exhibit A, and answer questions at a certain time and place as ordered. (*Id*. at 1)

**I. Background**

On October 30, 2007, Plaintiffs were awarded a judgment in the amount of $55,000.00, entered in the United States Bankruptcy Court, District of Arizona, in an adversary proceeding, Case No. 2:07-ap-00024-CGC. Relying on Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 69(a)(1) and Arizona Revised Statute ("A.R.S.") § 12-1631(A), Plaintiffs seek an order from the District Court setting a judgment-debtor examination for Karl Sauer, a defendant in the subject bankruptcy proceedings. (*Id*. at 2) Plaintiffs' Motion, however, provides no legal authority or jurisdictional basis that the District Court of Arizona has subject matter jurisdiction to order a judgment-debtor examination other than the fact that the subject judgment was obtained in the United States Bankruptcy Court for the District Court of Arizona.

The Court has independently reviewed the Bankruptcy Court's docket in Case No. 2:07-ap-00024-CGC, which is related to Karl Sauer's Chapter 7 proceeding in Case No. BK-06-3127, and confirmed that Karl Sauer was served with process on January 18, 2007, and judgment was entered against him and two limited liability companies on October 31, 2007. (Docs. at 2, 19 in Case No. 2:07-ap-00024-CGC) (*See* doc. 1-2, Exhibit ("Exh.") 2 at 1-2) Pursuant to A.R.S. § 12-1612(B), the judgment was renewed on August 27, 2012, via an Affidavit of Renewal of Judgment, indicating that the amount of the original Judgment, including principal, attorneys' fees, court costs, and accruing interest as of August 15, 2012 was $81,776.68. (*Id*. at doc. 22)

**II. Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction[,]" and "[i]t is presumed that a cause lies outside[]" the jurisdiction of federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co*. 511 U.S. 375, 377 (1994). "A [district] court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003).

**A. Bankruptcy Court**

The United States Constitution authorized Congress to "establish . . . uniform Laws

- 2 -

on the subject of Bankruptcies throughout the United States." *Railway Labor Executives' Ass'n v. Gibbons*, 455 U.S. 457, 465 (1982). In 1978, Congress enacted the Bankruptcy Reform Act, which established the U.S. Bankruptcy Code as Title 11 of the United States Code, repealing the Bankruptcy Act of 1898. *Pacific Gas and Electric Company v. California ex rel. California Dept. of Toxic Substances Control*, 350 F.3d 932 (9th Cir. 2003). Congress established the present framework of bankruptcy jurisdiction applicable to the federal courts by its enactment in 1984 of 28 U.S.C. §§ 157 and 1334.[1] *Stern v. Marshall*, 131 S.Ct. 2594, 2603 (2011). "Section 28 U.S.C. § 157(b) provides that bankruptcy judges may 'hear and determine' all cases under Title 11 and all core proceedings 'arising under Title 11,' or 'arising in' a case under Title 11. These judgments are subject to appeal as final judgments to the district court or to a bankruptcy appellate panel, pursuant to 28 U.S.C. § 158." *In re Bays*, 2010 WL 3190578, at *1 (Bkrtcy. E.D.Wash. Aug. 11, 2010).

"A bankruptcy court's jurisdiction is established by statute. 28 U.S.C. § 1334(b) gives federal district courts subject matter jurisdiction over 'all civil proceedings arising under title 11, or arising in or related to cases under title 11." *In re Harris*, 590 F.3d 730, 736-37 (9th Cir. 2009). Title "28 U.S.C. § 157(a) allows district courts to refer any of these proceedings to bankruptcy courts." *Id*. at 737. The District Court of Arizona has a standing general order which "refers to the bankruptcy judges for this district all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11 as of the effective date of the present Bankruptcy Act." General Order 01–15.

### B. District Courts

"Federal district courts have exclusive jurisdiction over all cases under Title 11 of the United States Code, and concurrent jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(a), (b)." *In re Harris Pine Mills*, 44 F.3d 1431, 1434-35 (9th Cir. 1995).

---

[1] Congress updated the bankruptcy laws for the first time since 1978 with the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *In re Flores*, ___ F.3d ___, 2013 WL 4566428, at *7 (9th Cir. 2013).

- 3 -

1   In *Peacock v. Thomas*, 516 U.S. 349, 356-57 (1996), the Supreme Court held that, while district courts do not have ancillary jurisdiction to entertain a second suit "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment," it endorsed the view that federal courts are empowered to enforce their own judgments in supplementary proceedings. *Id*. at 356. "We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" *Id*. (citation omitted) "[W]e have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments - including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Id.* at 356-57.

Based on the foregoing, it presumptively appears that the District Court of Arizona has jurisdiction to enforce a judgment entered in its Bankruptcy Court.

**III. Supplemental Proceedings**

Federal Rule of Civil Procedure 69 governs enforcement of judgment proceedings in federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). In significant part, Rule 69(a)(1) provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Rule 5(a)(1)(A)-(D), Fed.R.Civ.P., requires every order stating that service is required, every pleading after the original complaint, every discovery paper required to be served upon a party, and every non-ex-parte motion shall be served upon each of the parties. According to Rule 5(b)(1), "[i]f a party is represented by an attorney, service . . . must be made on the attorney unless the court orders service on the party." Rule 5(b)(1), Fed.R.Civ.P. "To paraphrase, Rule 69 provides that state law applies generally, but a federal statute governs to the extent it applies." *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010).

Arizona Revised Statute § 12-1631 "speaks to the judgment creditor's ability to have an order from the court ordering a judgment debtor to appear [to] answer questions about his assets." *In re Dearborn Const., Inc.*, 2006 WL 3040761, at *2 (Bkrtcy. D.Ariz. Oct. 24, 2006). As a supplemental proceeding, a judgment-debtor examination "seeks only to ascertain what tangible and intangible property the judgment debtor has to satisfy his debts." *Id.* (citation omitted). This statute provides as follows:

> A. When a judgment has been entered and docketed, the judgment creditor, at any time may:
>
> 1. Have an order from the court requiring the judgment debtor to appear and answer concerning his property before the court or a referee, at a time and place specified in the order.
>
> 2. Have a subpoena issued compelling the judgment debtor to appear for deposition upon oral examination and answer concerning his property at a time and place specified in the subpoena.
>
> B. No judgment debtor shall be required to attend out of the county in which he resides.

A.R.S. § 12-1631.

"There is no federal statute specifically governing renewal of judgments." *Fidelity Nat. Financial, Inc. v. Friedman*, 855 F.Supp.2d 948, 962 (D. Ariz. 2012). Thus, Arizona law governs the renewal of the subject bankruptcy judgment herein. *Id.* at 962-63 (citing, *inter alia*, *In re Davis*, 323 B.R. 745, 748 (Bankr. D.Ariz. 2005) (citing Fed. Bankr.R. 7069, incorporating Rule 69(a)(1), Arizona law governs renewal of bankruptcy court judgment registered in Arizona); *In re Fifarek*, 370 B.R. 754, 759 (Bankr. W.D.Mich. 2007) ("Rule 69(a) mandates the practice and procedure of the State of Michigan be utilized to enforce or renew the prior bankruptcy court judgment.")

**III. Discussion**

The Court finds that Rule 69(a), Fed.R.Civ.P., and A.R.S. § 12-1631 authorize Plaintiffs to compel and obtain discovery from Karl Sauer, a judgment debtor, by a judgment-debtor examination. According to Plaintiffs' filings, Karl Sauer's last known address was on West Bethany Home Road, Glendale, Maricopa County, AZ. (Doc. 1-2, Exh.

- 5 -

1  2 at 6) This Court will grant the Motion and will order Karl Sauer to appear before the
2  undersigned Magistrate Judge for Karl Sauer's judgment-debtor examination as set forth in
3  this Order, answer questions concerning his property, and bring with him all documents
4  listed on Exhibit A to the Motion. Because the Court was not provided any information that
5  Karl Sauer is currently represented by counsel in this action, the Court will order, as
6  Fed.R.Civ.P. 5(a)(1)(A)-(D) directs, that Plaintiffs personally serve Karl Sauer with copies
7  this Order and Plaintiffs' Motion for Appearance and Examination of Judgment Debtor Karl
8  Sauer, attachments, and the Declaration of Andrew M. Fowler in Support of Motion for
9  Judgment Debtors Exam.
10  Accordingly,
11  **IT IS ORDERED** that Plaintiffs' Motion for Appearance and Examination of
12  Judgment Debtor Karl Sauer, doc.1, is **GRANTED**. Judgment-Debtor Karl Sauer shall
13  appear before Magistrate Judge Lawrence O. Anderson, Sandra Day O'Connor U.S.
14  Courthouse, 401 West Washington, Courtroom 302, Phoenix, Arizona 85003, on **Friday**,
15  **November 1, 2013 at 2:00 p.m.**, or on a date and time mutually agreed upon by the parties
16  and the Court, to be examined under oath by Plaintiffs' counsel concerning Judgment-Debtor
17  Karl Sauer's property, whether real, personal or mixed and whether separate or community.
18  Absent good cause shown and upon a showing of valid service of process as required by this
19  Order, Judgment-Debtor Karl Sauer's failure to physically appear for his judgment-debtor
20  examination in full compliance with this Order will result in the issuance of a civil arrest
21  warrant for his arrest by the U.S. Marshals Service. Plaintiffs must provide their own court
22  reporter.
23  **IT IS FURTHER ORDERED** that Judgment-Debtor Karl Sauer shall bring with him
24  and produce for Plaintiffs' inspection and copying, on the date and time indicated above, all
25  items listed in Exhibit A to Plaintiffs' Motion for Appearance and Examination of Judgment-
26  Debtor Karl Sauer, filed on September 20, 2013.
27  **IT IS FURTHER ORDERED** that Plaintiffs must personally serve Karl Sauer with
28  this Order and Plaintiffs' Motion for Appearance and Examination of Judgment-Debtor Karl

Sauer, attachments, and Declaration of Andrew M. Fowler in Support of Motion for Judgment Debtors Exam no less than **ten (10) days** in advance of the aforementioned date of appearance and must file a certificate of such service with the Clerk of Court.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel must comply with all aspects of the District Court's Local Rules, including, but not limited to, using proper capitalization in all future captions as mandated by LRCiv 7.1(a)(3), and all filings must be properly filed electronically in text-searchable .pdf format mandated by LRCiv 7.1(c).[2]

Dated this 30th day of September, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge

---

[2] The Declaration of Andrew M. Fowler in Support of Motion for Judgment Debtors Exam was not properly filed electronically in text-searchable .pdf format

- 7 -